PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES JAMISON, | ) | CASE NO. 4:19-CV-2421 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| BUREAU OF PRISONS, *et al.*, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 7] |

Pending before the Court is a Rule 12(b)(6) motion for dismissal filed by Defendant Bureau of Prisons ("BOP") and individual Defendants Andrew Schumacher, Dr. J. Dunlop, and Jane Barnes (collectively "Defendants"). ECF No. 7. Plaintiff did not file a Response and the time to do so has passed. For the reasons that follow, the Court grants Defendants' Motion.

**I. Background**

*Pro se* Plaintiff James Jamison brings a *Bivens*[1] action against Defendants, alleging they violated his right to refuse medical treatment while he was incarcerated at a BOP facility. ECF No. 1.

Plaintiff arrived at the Federal Correctional Institution, Elkton ("FCI Elkton") on February 26, 2019 and was housed there until September 5, 2019.[2] *Id*. at PageID #: 6. Upon his

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

[2] On September 5, 2019, Plaintiff was released to a halfway house in Ohio. According to the BOP's online Inmate Locator, he was released from BOP custody on

(continued...)

(4:19CV2421)

arrival, Plaintiff informed medical staff that he could not tolerate NPH, the type of insulin FCI Elkton had available for diabetic inmates. *Id*. Plaintiff subsequently refused to take NPH, claiming it caused negative reactions to his body. Instead, Plaintiff requested 75/25 Humulog insulin---a medication he had taken for ten years prior to incarceration. *Id*. at PageID #: 7. Eventually, Plaintiff received approval to take 75/25 Humulog. *Id*. at PageID #: 8. Plaintiff alleges that on March 8, 2019, his first day taking 75/25 Humulog while at FCI Elkton, he suffered a negative reaction. *Id*. at PageID #: 8-9. He thereafter refused to take the 75/25 Humulog.

Plaintiff alleges that the three individually named Defendants, all members of FCI Elkton's medical staff, provided him with a refusal of medical treatment form and placed him on medical hold until Plaintiff agreed to take some form of insulin to control his diabetes. *Id*. at PageID #: 7. Plaintiff states that the hold, in effect, blocked his transfer to a halfway house where he could serve the remainder of his sentence. *Id*. at PageID #: 8. On April 26, 2019, Plaintiff agreed to begin taking the 75/25 Humulog insulin as requested by medical staff. *Id*. at PageID #: 21. The medical hold was lifted the same day. *Id*. Plaintiff states that he filed two administrative remedies against the individual Defendants, however, the process was not exhausted because of his upcoming release date. *Id*. at PageID #: 2.

---

[2](...continued)
December 3, 2019. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/.

(4:19CV2421)

Plaintiff alleges that the individual Defendants, by refusing to remove his medical hold, forced him to take diabetes medication in violation of his 5th, 8th, and 14th amendment rights. *Id.* at PageID #: 22. Plaintiff seeks monetary relief totaling $48,000,000. *Id*.

## II. Legal Standard

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff's complaint must allege enough facts to "raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Fed. R. Civ. P. 8(a)(2) requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint requires "further factual enhancement," which "state[s] a claim to relief that is plausible on its face." *Id.* at 557, 570. A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, U.S. 550 at 564.

When ruling on a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial

3

(4:19CV2421)

notice." *Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 794 (6th Cir. 2016) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### III. Discussion

Defendants seek dismissal of the Complaint on three grounds: (1) Plaintiff did not properly serve Defendants pursuant to Fed. R. Civ. P. 4; (2) Plaintiff failed to exhaust his administrative remedies; and (3) Plaintiff failed to state a claim against the BOP.

**A. Service**

Defendants first argue that Plaintiff failed to properly serve the individual Defendants and also failed to serve BOP. Therefore, failure of service and lack of personal jurisdiction warrants dismissal of the Complaint. The Court agrees.

Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to perfect personal service on each federal employee subject to suit. *See* Fed. R. Civ. P. 4(i)(3); Fed. R. Civ. P. 4(e)(2). This rule applies in cases involving *Bivens* claims. *Harris v. City of Cleveland*, 7 F. App'x 452, 455 (6th Cir. 2001). Without such personal service, a district court is without jurisdiction to render judgment against the defendant. While Plaintiff attempted to serve individual Defendants Schumacher, Barnes and Dunlop at FCI Elkton, their place of employment, this method of serving Defendants is insufficient to meet the requirement of personal service. *See Ecclesiastical Order of Ism of Am*, 845 F.2d 113, 116 (6th Cir. 1988). The fact that Defendants may have notice of the suit is immaterial. *See id*. Also, the docket does not indicate that Plaintiff attempted to serve the BOP by serving the United States Attorney for the

4

(4:19CV2421)

Northern District of Ohio and the United States Attorney General as required under Fed. R. Civ. P. 4(i)(1). *See* ECF No. 6.

Accordingly, Defendants' Motion to Dismiss is granted insofar as it relies on a defense of lack of personal jurisdiction and failure of service.

**B. Administrative Remedies**

Defendants next contend that Plaintiff failed to exhaust his administrative remedies and that, as a consequence, his *Bivens* claim must be dismissed. ECF No. 7-1 at PageID #: 88.

The Prison Litigation Reform Act ("PRLA") provides, "No action shall be brought with respect to prison conditions under . . . Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they are involved in general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "[N]o unexhausted claim[s] may be considered." *Jones v. Bock*, 549 U.S. 199, 220 (2007). Even if the prisoner may not obtain the specific type of relief he seeks in the administrative process, he must still exhaust his administrative remedies. *See Porter*, 534 U.S. at 520; *Booth v. Churner*, 532 U.S. 731, 734 (2001). "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available . . . and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

(4:19CV2421)

It is evident from both the face of Plaintiff's Complaint (ECF No. 1 at PageID #: 2) and Defendants' Motion that Plaintiff has failed to exhaust his available administrative remedies, as is required before a prisoner may bring a *Bivens* claim in federal court. 42 U.S.C. § 1997e(a); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir. 1999). The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff, and then to institute a formal grievance with the warden within twenty days. 28 C.F.R. §§ 542.13, 542.14(a). If the prisoner is not satisfied with the warden's response, he or she must appeal to the appropriate regional office within twenty days, and if unsatisfied with that response, to the General Counsel within thirty days thereafter. 28 C.F.R. § 542.15(a). Defendants argue that while Plaintiff filed two administrative remedies regarding his allegations in the Complaint, he did not exhaust his administrative remedies, depriving BOP the opportunity to address the grievance and the Court a proper administrative record. ECF No. 7-1 at PageID #: 89. In support, Defendants have attached to their Motion a declaration of Marisa Nash, Attorney at the BOP Northeast Regional Officer Consolidated Legal Center. ECF No. 7-2. In her declaration, Nash attests that Plaintiff filed two administrative remedies, both were denied, and he has not appealed the denial of either administrative remedy.[3] *Id*. at PageID #: 94-95.

Plaintiff argues that he will be released before his administrative process is complete and suggests that his release from FCI Elkton should excuse his failure to exhaust his administrative

---

[3] Plaintiff's two administrative remedies concerning the allegations in his Complaint were denied by the Warden on May 23, 2019 and June 6, 2019. ECF No. 7-2 at PageID #: 95. Plaintiff had 20 days after each denial to appeal to the Regional Director. Plaintiff was incarcerated at FCI Elkton until September 5, 2019 and thus had adequate opportunity to appeal.

6

(4:19CV2421)

remedies. ECF No. 1 at PageID #: 2, 19, 22. Plaintiff's argument is unavailing. The Sixth Circuit has held that a complaint is subject to the PLRA's exhaustion requirement even if the plaintiff is later released from incarceration. *Cox v. Mayer*, 332 F.3d 422, 425-427 (6th Cir. 2003); *see also Younker v. Ohio State Univ. Med. Ctr.*, 2013 WL 3222902 at *5 (S. D. Ohio June 25, 2013) ("Even though he is no longer incarcerated, Plaintiff's failure to exhaust his administrative remedies compels dismissal of his Complaint without prejudice.") (citing *Cox,* 332 F.3d at 425).

Plaintiff's admitted noncompliance with the BOP's administrative process establishes that he failed to properly exhaust his administrative remedies before filing this lawsuit. The Court finds that Defendants have carried their burden in proving Plaintiff's failure to properly exhaust all administrative remedies. *See Jones*, 549 U.S. at 216 ("Failure to exhaust is an affirmative defense under the PLRA."); *see also Napier*, 636 F.3d at 225 (defendants bear the burden of proving the failure of a prisoner to properly exhaust all administrative remedies.).

Accordingly, Plaintiff's failure to exhaust his administrative remedies warrants dismissal of the Complaint.

**C. Claim Against BOP**

Finally, Defendants allege that Plaintiff has failed to state a claim against Defendant BOP. The Court agrees.

In *Bivens*, the Supreme Court held that plaintiffs may sue federal officials for denying them their constitutional rights. *Bivens*, 403 U.S. at 390 97. But a *Bivens* action may be brought only against individuals. The Supreme Court has expressly refused to allow *Bivens* actions to be

(4:19CV2421)

brought directly against federal agencies. *See* FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); *see also* Norfolk S. Corp., 156 F.3d 701, 705 (6th Cir. 1998) ("[A] *Bivens* action cannot be brought against a federal agency.").

Accordingly, Plaintiff's *Bivens* action against BOP is dismissed for failure to state a claim upon which relief can be granted.

### IV. Conclusion

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss (ECF No. 7). The Court dismisses the Complaint against BOP with prejudice and against the individually named Defendants without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

  January 8, 2020                        */s/ Benita Y. Pearson*
Date                                    Benita Y. Pearson
                                            United States District Judge